# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 00-3867

| | |
|---|---|
| Richard Kunkel, | * |
| | * |
| Appellant, | * Appeal from the United States |
| | * District Court for the Eastern District |
| v. | * of Missouri |
| | * |
| Anheuser-Busch, Inc., and | * |
| Anheuser-Busch Companies, Inc., | * [UNPUBLISHED] |
| | * |
| Appellees. | * |

Submitted: June 14, 2001
Filed: August 15, 2001

Before LOKEN, Circuit Judge, and ROSENBAUM* and DAWSON,** District Judges.

PER CURIAM.

Richard Kunkel lost his job as part of a corporate restructuring undertaken by

---

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

**The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

Anheuser-Busch in November, 1997. When he learned of his termination, Kunkel complained to various employees, including the human resource manager, that it was because of his age. Following the restructuring, Anheuser-Busch, as part of its standard layoff procedure, referred Kunkel to its Resource Pool.

The Resource Pool is a six-month in-house employment agency designed to assist employees whose positions have been eliminated in finding new jobs inside or outside of the company. While in the Resource Pool, Kunkel applied for numerous permanent positions with Anheuser-Busch, but was not selected for any of them. When his six-month period ended, his employment was automatically terminated. Kunkel continued to apply for jobs with the company after that time, but all of his efforts were unsuccessful.

In February of 1999, Kunkel filed a charge of discrimination with the EEOC, and after receiving his right to sue letter, filed this lawsuit. He alleged age discrimination under state and federal law, as well as wrongful discharge and intentional infliction of mental distress under state law. In the court below, Anheuser-Busch successfully moved for summary judgment, contending Kunkel's discrimination claims were untimely and factually unsupported.

Kunkel acknowledged that he filed his EEOC charge beyond the 300-day statutory limitations period, if the period ran from the November, 1997, notice of his layoff.[1] But, having made this concession, Kunkel argued Anheuser-Busch should be estopped from relying on the limitations period because it had induced him to refrain

---

[1]As the district court noted, the limitations period on the age discrimination claim ran from the date Kunkel received notice he was being terminated, rather than the date he was discharged from the Resource Pool, because only the earlier date involved any discretionary act.

from filing through misleading suggestions that the termination was "just on paper," and that he would receive another job with the company. The district court[1] rejected Kunkel's arguments, finding no basis for equitable estoppel or tolling. Kunkel did not face a limitations bar on his failure to rehire claim, because he had applied for positions within the 300-day period. Accordingly, the court considered the merits of that claim and determined Kunkel failed to proffer evidence supporting a prima facie case.

On appeal, Kunkel asserts the district court erred in rejecting his estoppel argument and in finding no genuine issues of material fact existed on the failure to rehire claim. Having carefully reviewed the record, we find no error by the district court , and we therefore affirm for the reasons stated in the district court's order. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable Jean Hamilton, United States District Judge for the Eastern District of Missouri.

3